IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREGORY LINSTON GILLILAN, :
:
        Plaintiff :
:
VS. : CIVIL ACTION NO. 5:11-CV-113 (CAR)
:
JUSTIN DEFORE, *et al.*, :
:
        Defendants :
_____ : **ORDER**

      Plaintiff **GREGORY LINSTON GILLILAN,** presently incarcerated at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983.[1] Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

      The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

      The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998),

---

[1] Plaintiff listed two additional Plaintiffs on his complaint. However, these additional Plaintiffs have not signed the 42 U.S.C. § 1983 form. The United States Court of Appeals for the Eleventh Circuit has held that prisoners proceeding *in forma pauperis* may not join in a single suit. Instead, each prisoner is required to file his or her own lawsuit and pay the full amount of the filing fee. **Hubbard v. Haley**, 262 F.3d 1194 (11th Cir. 2001). Therefore, should the additional Plaintiffs wish to pursue this action, each one may do so by filing his own individual 42 U.S.C. § 1983 complaint form.

*abrogated on other grounds by* ***Jones v. Bock***, 549 U.S. 199 (2007)..

A review of court records reveals that Plaintiff has a prolific filing history. In fact, since 2006 he has filed approximately 149 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia. At present, at least eleven (11) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Gillian v. Pollark,*** 1:07-CV-50 (WLS)(M. D. Ga. April 4, 2007); ***Gillilan v. Galloway***, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); ***Gillilan v. Scarborough***, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); ***Gillilan v. Harrison***, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); ***Gillilan v. Bell****,* 1:07-CV-3 (WLS) (M. D. Ga. January 11, 2007); ***Gillilan v. Thomas***, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); ***Gillilan v. Johnson***, 1:06-CV-177 (WLS)(M. D. Ga. January 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); ***Gillilan v. Cannon***, 1:06-CV-114 (WLS)(M. D. Ga. August 8, 2006); ***Gillian v. Hilton***, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006)(Additionally, a later appeal was dismissed in this case on May 8, 2007).

Because Plaintiff has had at least eleven prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff states that Defendant Defore has attempted "to force [him] out of isolation (protective custody) to a building unit where [he] would have no choice but to fight to the death." Plaintiff states that he refused and received a "disciplinary write-up." Plaintiff alleges this is retaliation and complains that fellow inmates "fight with weapons daily" and there is "gang violence" at Macon State Prison. Plaintiff's allegations regarding "imminent danger of serious physical injury" are hypothetical and speculative at best. ***Martin v. Shelton***, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions that defendants are trying to kill plaintiff do not show "imminent danger of serious physical injury"); ***Skillern v. Paul***, 2006 U.S. App. LEXIS 24841 at *4 (11th Cir. October 4, 2006)(explaining that "vague statements do not satisfy the dictates of § 1915(g)"); ***Cole v. Tifft***, 2009 U. S. Dist. LEXIS 99529 at *3-*4 (N. D. Fla. August 14, 2009)(explaining that hypothetical and speculative danger does not establish "imminent danger of serious physical injury"); ***Cooper v. Bush***, 2006 U.S. Dist LEXIS 49870 at *3 (M. D. Fla. July 21, 2006)(plaintiff's vague and conclusory claims that other inmates have threatened to harm or kill him do not amount to "imminent danger."). Moreover, Plaintiff's claims that other inmates (Willie

Green and/or Harrison Williams) have been involved in physical altercations and robbed do not establish any "imminent danger" on his part. Should these other inmates wish to file a 42 U.S.C. § 1983 action, they may do so. However, as explained above, Plaintiff cannot bring an action on their behalf and they may not join Plaintiff in this action.

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against these Defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[2]

**SO ORDERED**, this 29th day of March, 2011.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

lnb

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.